UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER, | No. 2:24-cv-0696 DB P |
| Plaintiff, | |
| v. | ORDER |
| T. ICBAN, et al.. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated one claim cognizable under §1983, and gives plaintiff an opportunity to either amend his complaint or proceed immediately on the cognizable claim in the current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations in the Complaint**

Plaintiff is an inmate at the California Medical Facility ("CMF"). He complains of conduct that occurred there in early 2023. Plaintiff identifies the following defendants: (1) Licensed Vocational Nurse ("LVN") T. Icban; (2) Psychiatric Technician D. Leyto; (3) Supervising Registered Nurse ("RN") R. Laguerta; (4) Supervising RN Y. Gamboa; (5) Correctional Sergeant S. Shepherd; and (6) Chief Executive Officer Traci Patterson.

Plaintiff alleges the following. On January 7, 2023, defendant Icban was assigned to "observe plaintiff for safety reasons." Plaintiff told Icban that he had discovered that she and other nurses gave plaintiff's treatment team false information that caused his treatment team to believe plaintiff was refusing medical and mental health treatment. As a result, plaintiff was discharged from CMF's "64 Bed Unit." Plaintiff asked that Icban be moved to a different area. Icban asked defendant Leyto to relieve her. When Leyto arrived, Icban told plaintiff in a loud voice to "stop mast[u]rbating," which plaintiff was not doing. Plaintiff told Icban he was going to

3

file a grievance against her for her involvement in reporting false information to his treatment team.  Icban retaliated against plaintiff by making a false report that she saw plaintiff masturbating.  Icban made this entry in plaintiff's electronic health records file late.  Defendant Laguerta saw "contradictions" in Icban's reporting and told Icban to submit the late report to "cover her tracks."

Defendant Gamboa failed to conduct an adequate inquiry when making findings regarding Icban's false report.  Plaintiff indicates Gamboa did so because she is Filipino like Icban.  Defendant Shepherd knew Icban's report was false and added additional false information to make it appear more plausible.

Defendant Patterson knowingly allowed Icban's false report to remain in plaintiff's records after plaintiff was found not guilty on February 12, 2023.

Plaintiff identifies his claims as retaliation, negligence, and a violation of his civil rights under California law.

**B. Does Plaintiff State Claims Cognizable under Section 1983?**

**1. Retaliation**

To state a First Amendment claim for retaliation, plaintiff must allege facts showing :  (1) a state actor took an adverse action against her (2) because of (3) his exercise of protected conduct, and that such action (4) chilled his exercise of her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); see also Nyland v. Calaveras Cty. Sheriff's Jail, 688 F. App'x 483, 485 (9th Cir. 2017) (citing Rhodes standards in case of pretrial detainee).

Plaintiff has alleged a potentially cognizable retaliation claim against defendant Icban.  He contends that Icban submitted a false report about him after he threatened to file a grievance against her.  Plaintiff has not, however, alleged a retaliation claim against the other defendants.

Plaintiff states only that defendant Leyto knew Icban's report was false and did not report her misconduct.  Plaintiff fails to show Leyto took this action in retaliation for any protected conduct exercised by plaintiff.  Further, plaintiff has no right to have Icban's conduct reported.

////

Plaintiff alleges defendants Gamboa and Shepherd added false information to the report submitted by Icban. Plaintiff does not explain what that false information is nor does he show that Gamboa and Shepherd took those actions in retaliation for plaintiff's exercise of his First Amendment rights. Similarly, plaintiff's allegation against defendant Laguerta is essentially that Laguerta encouraged a false report. Again, he does not show Laguerta intended to retaliate against plaintiff in doing so. Further, to the extent plaintiff is attempting to challenge defendants' addition of false information to the report, plaintiff is advised that that the falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).

### 2. State Law Claims

Plaintiff's alleges two state law claims: (1) that defendants were negligent; and (2) that they interfered with his First Amendment rights in violation of California law. Plaintiff is advised that section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board*, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4 (emphasis added). Section 950.6 provides that

> "[w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury *until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity*."

Cal. Gov't Code § 950.6 (emphasis added). See also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

5

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., No. 2:07-cv-2800 JAM KJN P, 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), rep. and reco. adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")).

Because plaintiff has not alleged that he complied with the Government Claims Act, his state law claims will be dismissed. If plaintiff chooses to amend his complaint, he may demonstrate such compliance.

**CONCLUSION**

This court finds above that plaintiff states a potentially cognizable First Amendment claim against defendant Icban. This court further finds that plaintiff fails to state any other claims.

Plaintiff has a choice. He may proceed immediately on his First Amendment claim against Icban or he may amend the complaint to attempt to also state other claims. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff

need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated a potentially cognizable First Amendment claim against defendant Icban.

4. Plaintiff's remaining claims are dismissed with leave to amend.

5. Plaintiff may choose to proceed on the potentially cognizable claim set out above or he may choose to amend his complaint. If plaintiff chooses to proceed on his claim against Icban, he will also be choosing to dismiss his claims against the other defendants.

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 14, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/port0696.scrn lta or proceed

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>          Plaintiff,<br><br>  v.<br><br>T. ICBAN, et al.,<br><br>          Defendants. | No. 2:24-cv-0696 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment claim against defendant Icban. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                _____
                                                Plaintiff Kevin Lamar Porter, Pro Se