UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. ICBAN, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-0696 SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's first amended complaint for screening and plaintiff's motion for preliminary injunctive relief.  For the reasons set forth below, this court dismisses the first amended complaint with leave to amend and recommends plaintiff's motion for preliminary injunctive relief be denied.

**SCREENING**

**I.    Legal Standards**

As described in the court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each

1

defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Discussion

### A. Allegations in the First Amended Complaint (ECF No. 17)

Plaintiff is an inmate at the California Medical Facility ("CMF"). He complains of conduct that occurred there in early 2023. Plaintiff identifies the following defendants: (1) Licensed Vocational Nurse ("LVN") T. Icban; (2) Psychiatric Technician D. Leyto; (3) Supervising Registered Nurse ("RN") R. Laguerta; (4) Supervising RN Y. Gamboa; (5) Correctional Sergeant S. Shepherd; and (6) Chief Executive Officer Traci Patterson.

Plaintiff alleges the following. On January 7, 2023, defendant Icban provided plaintiff's treatment team with false information, apparently that plaintiff exposed himself, that resulted in plaintiff's discharge from CMF's "64 Bed" program and a charge of indecent exposure. Plaintiff appears to allege Icban made this report in retaliation for plaintiff's threat to file a grievance.

Plaintiff told defendants Shepherd and Laguerta that Icban's report was false. Nonetheless, Shepherd and Laguerta allowed the false report to be placed in plaintiff's health records. When plaintiff told Shepherd and Laguerta he intended to file a grievance against them for allowing the false report to be processed, they helped Icban make changes to the report after it had already been entered into plaintiff's electronic health records.

Defendant Patterson was notified by plaintiff that he was found "not guilty" of indecent exposure. Icban's report remained in plaintiff's records and plaintiff filed a grievance to have it removed. Patterson told plaintiff the report would remain in his records because, in their opinion, the incident happened. Plaintiff states that health care staff have access to his files and the report but, he appears to allege, do not have access to the "not guilty" finding.

Patterson then "educated" psychiatrist Dr. Tarash to force plaintiff to take medication that makes him impotent. Patterson also directed Tarash to take plaintiff off pain medication required for plaintiff's severe back pain. Patterson did so in retaliation for plaintiff's threat to file a grievance and lawsuit about the report remaining in his file.

Patterson directed defendant Gamboa not to interview an inmate witness which "influenced the conclusion of the investigation."

Plaintiff contends that as a result of defendants' retaliation, he was restricted from visiting, making calls, and participating in many programs. He was also subjected to hostile treatment by prison staff.

Plaintiff identifies his claims as First Amendment retaliation and claims under state law for interference with his federal constitutional rights.

**B. Does Plaintiff State Claims Cognizable under §1983?**

**1. Retaliation**

Plaintiff appears to be attempting to assert retaliation claims against defendants Icban, Shepherd, Laguerta, and Patterson. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). While the court previously found that plaintiff stated a claim for retaliation against defendant Icban (see ECF No. 10 at 4), plaintiff's allegations are less clear in the first amended complaint. If plaintiff feels he has a claim for retaliation against Icban, he must state his facts in the order that they occurred. Plaintiff must allege facts showing: (1) Icban took an action; (2) plaintiff threatened to file a grievance about that action; and (3) as a result of plaintiff's threat to file a grievance, Icban took a second action that was adverse to plaintiff.

With respect to defendants Shepherd and Laguerta, plaintiff contends that he threatened to file a grievance against them for permitting Icban to submit the false report. As a result of

1    plaintiff's threat, Shepherd and Laguerta helped Icban change the report after it had been
2    submitted to the electronic records system.  Plaintiff has alleged facts satisfying some of the
3    elements of retaliation against Shepherd and Laguerta.  However, plaintiff does not show how
4    changing Icban's report was adverse to him.  Plaintiff seems to place some significance on the
5    time the report was filed, but he does not explain why that was important.

6    With respect to defendant Patterson, plaintiff makes conclusory allegations that Patterson
7    required plaintiff's psychiatrist to prescribe plaintiff a medication that caused impotence and to
8    discontinue plaintiff's pain medications.  However, besides simply stating that Patterson had a
9    retaliatory motive for doing so, plaintiff fails to allege any facts connecting his threats to file a
10   grievance against Patterson with Patterson's control over his medications.  To state a claim,
11   plaintiff must do more than simply restate the legal standards.

12   To the extent plaintiff alleges Patterson's refusal to remove Icban's report from his
13   records was retaliatory, plaintiff fails to show he had threatened to file a grievance against
14   Patterson before that time or that Patterson acted due to threats plaintiff made to file grievances
15   against other staff members.  For the same reasons, plaintiff fails to show that Patterson directed
16   Gamboa to limit the investigation into the charges against plaintiff based on retaliation for some
17   sort of prior threat by plaintiff to file a grievance.

18   Plaintiff fails to allege any cognizable claims for retaliation.  Those claims will be
19   dismissed with leave to amend.

**2. Records Claim**

21   Plaintiff's allegations could be construed as an attempt to state claims that Icban,
22   Shepherd, and Laguerta violated his rights by permitting Icban's false report to be placed in his
23   records and that Patterson violated his rights by allowing that report to remain in his records.
24   Plaintiff contends that prison staff have access to those records, but do not have access to the not
25   guilty finding.  As best this court can tell, plaintiff alleges that as a result of their access to that
26   information, plaintiff has suffered restrictions on his ability to participate in programs and staff
27   has treated him with hostility.
28   ////

This court finds plaintiff fails to state a claim based either on the false report or on the maintenance of the report in his records despite the not guilty finding. Plaintiff's allegations do not state an Eighth Amendment claim. "A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was 'objectively, sufficiently serious'; and (2) that prison officials were deliberately indifferent to his [health or] safety in allowing the deprivation to take place." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if the official knows that the plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837-45 (1994). "The issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12-cv-01747 LJO DLB PC, 2013 WL 1820260, at *10 (E.D. Cal. Apr. 30, 2013) (citations omitted); Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff.").

Nor does plaintiff state a due process claim. Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under §1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) ( "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]").

### 3. Defendants Gamboa and Leyto

Plaintiff's only allegation regarding Gamboa is that, at the direction of defendant Patterson, they did not interview a witness regarding the indecent exposure charge. Because plaintiff was found not guilty of that charge, plaintiff fails to show any harm. While plaintiff identifies Leyto as a defendant at the beginning of the first amended complaint, he does not

5

mention any conduct by Leyto in the body of the complaint. Plaintiff should carefully consider whether he can allege facts in an amended complaint showing any conduct by Gamboa or Leyto that violated his constitutional rights.

### C. State Law Claims

Plaintiff also seeks relief under the Bane Civil Rights Act, California Civil Code § 52.1 ("Bane Act"). "In relevant part, § 52.1 provides a cause of action for interference or attempted interference 'by threat, intimidation, or coercion' with the 'exercise or enjoyment' of rights under the federal Constitution." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 799 (9th Cir. 2018). To state a Bane Act claim, plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." Inman v. Anderson, 294 F. Supp. 3d 907, 923 (N.D. Cal. 2018) (quoting Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)). As described above, plaintiff is attempting to allege that Icban, Shepherd, Laguerta, and Patterson violated his First Amendment rights by retaliating against him. Plaintiff's allegations fall short of viable Banes Act claims for the same reason they fall short of retaliation claims. Plaintiff fails to show how the actions of each defendant amounted to an attempt to interfere with plaintiff's rights to file grievances. Plaintiff's Banes Act claims will also be dismissed with leave to amend.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks a transfer to another facility. (ECF No. 18.) He contends defendant Patterson is forcing him to take psychiatric medications in retaliation for plaintiff filing grievances. Plaintiff also contends his legal mail is being delayed, he has been subjected to anti-Semitic "actions," and he is being denied access to the law library and legal materials. None of these contentions are supported by facts or evidence detailing how his rights are being violated.

### I. Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief

6

hinges on a significant threat of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after <u>Winter</u>).

## II.     Discussion

Plaintiff's allegations are not sufficiently specific or detailed to show that his rights are being violated or that he is at risk of imminent, irreparable injury. Most concerningly, plaintiff claims that he is being involuntarily medicated. The "forcible injection of medication into a nonconsenting person's body ... represents a substantial interference with that person's liberty." *Riggins v. Nevada*, 504 U.S. 127, 134 (1992). Governments must accordingly adhere to procedural protections before administering involuntary medication. "In California, the procedural requirements for involuntary medication of prisoners are stated in *Keyhea v. Rushen*, 178 Cal.App.3d 526 (Cal. Ct. App. 1986)." *Black v. Dep't of State Hospitals*, No. 22-cv-05037-JD, 2023 WL 1784753, at *2 (N.D. Cal. Feb. 6, 2023). "A *Keyhea* order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a danger to himself or others." *Davis v. Walker*, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014). Plaintiff does not include facts in his motion explaining whether CMF followed the procedures required by *Keyhea* and, if CMF did not, what procedures and methods CMF is utilizing to involuntarily medicate him. Without such an explanation, it is impossible for the court to evaluate his claim that he is being unlawfully subjected to forced medication.

As for the other issues on which plaintiff seeks injunctive relief, if plaintiff is unable to

meet court deadlines due to limited access to the law library or lack of legal materials, he may seek an extension of those deadlines or, if necessary, seek an injunction requiring the prison to provide him reasonable access and materials for purposes of litigating this action. Any such requests must include facts detailing exactly how defendants are impeding his access to the law library and other legal materials.

The undersigned will recommend plaintiff's motion for preliminary injunctive relief be denied without prejudice.

## CONCLUSION

For the reasons set forth above, this court finds plaintiff fails to state any viable claims for relief under §1983 in the first amended complaint. This court will dismiss that complaint and permit plaintiff to file a second amended complaint.

In a second amended complaint, plaintiff must address the problems with his first amended complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations

are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. However, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint is dismissed with leave to amend.
2. Within thirty days of the date of this order, plaintiff shall file an amended complaint in compliance with this order.
3. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 18) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE